No. 13509

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

The State of Montana on the
Relation of CHARLES F. ANGEL,

Relator,

vs.

ROBERT L. WOODAHL,

Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Charles F. Angel argued, Bozeman, Montana

For Respondent:

Hon. Robert L. Woodahl appeared, Attorney General,
Helena, Montana
Robert A. Poore argued, Butte, Montana
James H. Morrow argued and Edmund P. Sedivy argued,
Bozeman, Montana

---

Submitted: October 8, 1976

Decided: OCT 2 1 1976

Filed:

*Thomas J. Kearney*
Clerk

PER CURIAM:

This is an original proceeding against the Attorney General of Montana for contempt of court by reason of his alleged violation of an order of this Court prohibiting " * * * all public out-of-court statements that may conceivably influence public opinion for or against any person or issue * * *" in pending criminal prosecutions involving workmen's compensation matters.

The background of the present proceeding indicates that for some time prior to June 11, 1976, many charges and counter-charges by the attorney general's special prosecutors on the one hand and various defense attorneys on the other relating to pending criminal prosecutions involving workmen's compensation matters were being widely disseminated throughout Montana by means of out-of-court statements to the detriment of fair and just legal proceedings therein and that such actions were rapidly approaching a crisis.

On June 11, 1976, the attorney general called a press conference in which he charged three named district judges in pending cases with voluntary actions resulting in "substantial delays" in bringing the defendants to trial and that the workmen's compensation investigation and prosecution "is one of the sad chapters in Montana history and, if not turned around, is going to be a sad chapter in the history of the judiciary" because of dilatory actions by lawyers for the defendants and the lack of firmness by many of the judges. At this press conference one of the attorney general's special prosecutors announced that he was resigning because of "substantial delays" resulting in his prosecuting only one case in 10 months and charging there was almost "an incestuous relationship" between a small number of judges and some lawyers.

At said press conference the attorney general called upon

- 2 -

this Court "to take hold of the matter" by calling in the judges, defense lawyers and prosecutors and making it clear to them "that they should get on with the business of the day which is to get these cases to trial."

That in response to the attorney general's complaints and request and in view of the rapidly deteriorating relationship between the attorney general and his prosecutors on one side, defendants and defense counsel on another side, with a number of trial judges in the middle, this Court called a conference of prosecutors, defense counsel, and presiding judges by its order of June 14, 1976, and provided, among other things:

> "That in order to prevent further injury to the rights of the public, the state, the defendants and the judiciary pending the conference herein provided, all counsel, their staffs, clerks, stenographers and attaches are ordered and directed to refrain directly or indirectly from public comment in any way relating to the litigation heretofore described."

and

> "Any violation of this order shall subject the offender to proceedings for contempt of court."

The conference was held in the courtroom of this Court on June 21, 1976. The attorney general and members of his staff were present and participated. At said conference, among other things, this Court, through the Chief Justice, explicitly stated:

> "Finally, the objectives that we are prepared to insist upon can be stated in the following charge to each of you. First, accord this litigation its rightful paramount priority. Second, bring these cases to trial with all deliberate speed. Third, cease and desist from all public out-of-court statements that may conceivably influence public opinion for or against any person or issue relating to this pending litigation. Fourth, each of you will be held responsible for your own conduct in accomplishing these objectives. * * *"

On August 12, 1976, at a meeting of the Kiwanis Club in Sidney, Montana, the attorney general, a candidate for governor, spoke for approximately 10 minutes at which time he made no

remarks concerning the workmen's compensation criminal prosecutions. That thereafter certain questions from the audience were directed to him regarding the workmen's compensation litigation. That the attorney general asked if there were any members of the press present and then proceeded to publicly blame three other district judges from those named at his press conference of June 11 for some of the prosecution's difficulties; that all three judges were appointed by former Governor Forrest Anderson; implied that these judges were looking out for the interests of the former democratic governor and his friends; and went on to tell how he was trying to get the cases tried quickly but the three judges and the lawyers representing the defendants had been filing numerous unwarranted motions and dragging their feet to stall the trials past election time. The attorney general indicated that he realized he was making the type of comments that are frowned upon by the Supreme Court and mentioned this Court's order against public comment on the cases.

After this matter came to the attention of this Court, we issued an order and citation to the attorney general to appear and show cause why contempt proceedings should not be instituted against him. The attorney general appeared, admitted the substance of events and statements giving rise to our order and citation, but denied that they were intended to or did constitute contempt. Following hearing, this Court by order of September 7, 1976, directed that contempt proceedings be instituted against the attorney general and designated attorney Charles F. Angel to institute such proceedings.

On September 28, 1976, contempt proceedings were instituted by the filing of an affidavit for contempt by Mr. Angel. The attorney general responded on October 7, by filing a motion to quash and dismiss the proceeding and an answer to the affidavit

- 4 -

for contempt. Briefs were filed, testimony was taken, exhibits were offered in evidence, oral argument was had and the matter was submitted for decision on October 14, 1976.

The attorney general attacks the contempt proceeding on these principal grounds: (1) That there was no court order in effect at the time he made his statements at the Sidney Kiwanis meeting; (2) if a court order did exist, it was unconstitutionally vague, indefinite, and ambiguous; (3) that the court order he is accused of violating is in itself a violation of the free speech, due process, equal protection and separation of powers provisions of the federal and state constitutions.

To reach the merits of this case, we make the following preliminary rulings heretofore taken under advisement: (1) Relator's exhibit A (the newspaper article of June 11, 1976, in the Independent Record) is admitted in evidence; (2) respondent's exhibits B through F (newspaper articles) are admitted in evidence; (3) all motions to quash or dismiss this proceeding are denied.

We make the following findings of ultimate fact:

(1) This Court's orders of June 14 and June 21 and the conference of June 21 were made and held on the basis of complaints and at the special instance and public request of the attorney general.

(2) That at no time has the attorney general applied to this Court for relief from the orders of June 14 and June 21 on any grounds.

(3) That the attorney general willfully, knowingly and deliberately violated the order of this Court of June 21 directing him, among others to "cease and desist from all public out-of-court statements that may conceivably influence public opinion for or against any person or issue relating to this pending litigation" by reason of his statements and remarks at the Kiwanis

- 5 -

meeting of August 12 in Sidney, Montana.

(4) That the circumstances existing on June 14 and June 21 presented a clear and present danger to the proper functioning of the judicial processes of this state and the rights of its citizens, the defendants, and the investigation and prosecution of criminal cases involving workmen's compensation matters, and that remedial action was necessary and required of this Court.

(5) That the orders of this Court of June 14 and June 21 were made in response thereto.

We conclude as a matter of law:

(1) That the orders of this Court on June 14 and June 21 were within its jurisdiction and authority pursuant to Art. VII, Section 2 of the 1972 Montana Constitution and were in all respects valid and legal;

(2) That the due process, equal protection, separation of powers and freedom of speech provisions of the state and federal constitutions were not violated by the order of this Court of June 14 and June 21, 1976, under the unique and compelling circumstances of this case.

(3) That the remedy for any alleged prejudice to the attorney general's political campaign lies in applying to this Court for relief from its order of June 21, which remedy has never been sought.

(4) That the attorney general is guilty of contempt of court pursuant to section 93-9801(5), R.C.M. 1947, by reason of his willful, knowing and deliberate violation of this Court's order of June 21 commanding him, among others, to cease and desist from all public out-of-court statements that may conceivably influence public opinion for or against any person or issue involved in pending criminal prosecutions involving workmen's compensation matters.

On the basis of the foregoing findings of fact and conclusions of law, we enter judgment as follows:

(1) The attorney general is hereby adjudged guilty of contempt of court.

(2) That a fine of $250 is assessed as a penalty.

(3) That the attorney general may purge himself of contempt of court by agreeing in open court within 10 days of the date hereof that in the future he will abide by the order of this Court of June 21 until the same is altered, amended or revoked by proper legal proceedings and according to law.

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice Wesley Castles is absent at the time of the preparation of this Opinion and has taken no part therein. He will have the opportunity to express his views later.